REQUESTED BY: Randy R. Stoll, Seward County Attorney.
Is a city responsible to the county board for the costs of lodging or boarding all prisoners arrested by city police and lodged in county jails?
No, the county board may charge the city for the expense of housing only those prisoners who are lodged in county jails for violation of a city ordinance.
The essence of your question is whether or not any change in the law has occurred as a result of LB 628. You indicate that in your county until recently you had both a city and a county jail facility, but the city facility was closed and all prisoners are now confined in the county jail. You indicate that there is some belief that the city should pay the costs for all prisoners arrested by city officers. Neb.Rev.Stat. § 16-252 (Reissue 1977) dealing with first class cities provides:
 "Any city of the first class shall have the right to use the jail of the county for the confinement of such persons as may be liable to imprisonment under the ordinances of said city, but it shall be liable to the county for the cost of keeping such prisoners in such amounts as are provided by sections 33-117 and 33-117.01 for boarding prisoners other than state prisoners."
Neb.Rev.Stat. § 47-112.01 (Reissue 1978) defines a state prisoner as `a person who has been convicted of a felony and started to serve the sentence imposed under such conviction.' Neb.Rev.Stat. § 47-307 (Reissue 1978) dealing with the joint construction and maintenance of the jail provides for the payment of costs of prisoners found guilty for offenses against general criminal law to be paid by the county and those guilty of violating ordinances of the city shall be provided for by the city.
The confusion to which you point arises by virtue of section 3 of LB 628 now codified as Neb.Rev.Stat. § 47-118
(Supp. 1980). That statute provides that the county sheriff and county board may enter into an agreement for the county board to provide quarters for and preparation and serving of meals furnished by prisoners as well as certain other expenses, subject to the right of the county to be paid by the state for state prisoners at a specified rate and by the city for city prisoners at the actual cost to the county. The difficulty arises by virtue of the fact that there is no definition given for city prisoners or county prisoners. However, we believe in construing the above statutes together, it can only be concluded that a city prisoner must of necessity be one who is being incarcerated as a result of the violation of a city ordinance.
We believe this conclusion must follow from the fact that traditionally the counties have been given the charge of all persons charged with violation of state statutes of a felony grade prior to their conviction and sentence. Further, the counties are responsible for the care of prisoners who have violated state statutes amounting to misdemeanors and have been sentenced to incarceration in the county jail for that purpose. To conclude that this burden has been shifted from the county to the city by the language of LB 628, subsection 3, Neb.Rev.Stat. § 47-118 (Supp. 1980) would be to impute to the Legislature an intent that is not expressed.
While it is clearly within the power of the Legislature to determine who shall bear the cost for prisoners held in county jails, we believe that LB 628 provides no basis for saying that a shift from county responsibility to city responsibility has occurred based upon which jurisdiction arrested the particular offender. We believe that the remainder of the statutes make it relatively clear that the division of responsibility has been based upon either the status of the particular prisoner, i.e., convicted and sentenced or not so convicted and sentenced, or the particular governmental entity enacting the law which has been violated,i.e, state or city ordinance. We believe that LB 628 leaves intact those bases for determining liability for the expense of prisoners.
Therefore, it is our view that a county may properly charge a city for the cost of care of prisoners only where those prisoners are held as a result of the violation of city ordinances. This conclusion is buttressed by the case of City of Grand Island v. County of Hall, 196 Neb. 282,242 N.W.2d 858 (1976), which in an opinion by Judge McCown held that the county was limited to the reimbursement costs as provided under Neb.Rev.Stat. § 33-117 (Supp. 1980). The argument in that case in part was that subsequent amendments to provisions relating to jails did not alter the effect of Neb.Rev.Stat. § 16-252 (Reissue 1977), nor other provisions relating to other class cities. Therefore, the city still had the right to utilize the county jail at the cost specified by statute.